UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO:09-61840-CIV-SEITZ/O'SULLIVAN

FEDERAL TRADE COMMISSION,

        Plaintiff,

vs.

1st GUARANTY MORTGAGE CORP., *et al.*,

        Defendants.
_____/

## ORDER DENYING DEFENDANT STEPHEN LALONDE'S MOTION FOR PARTIAL RELEASE OF ASSETS

THIS MATTER is before the Court on Defendant Stephen Lalonde's Motion For Partial Release Of Assets [DE-64]. On November 17, 2009, the Court entered a Temporary Restraining Order ("TRO") that froze assets "owned or controlled" by the Defendants in this action [DE-15]. On December 15, 2009, Stephen Lalonde ("Lalonde") stipulated to the entry of a Preliminary Injunction against him that continued the asset freeze and expanded it to include the assets of Crossland Property Management, Inc. and Ok Close Inc [DE-37].

Plaintiff has only been able to freeze $69,086.23 pursuant to these Orders. The assets are attributable to the Defendants and their related entities as follows: Defendant Stephen Lalonde ($400); Defendant Amy Lalonde ($5,150.44); Defendant Scoreleaper, LLC ($11,686.32); Defendant Spectrum Title ($1,956.41); OK Close, Inc. ($24.21); Delta Asset Management, LLC ($117.97); Capsouth, LLC ($756); and Crossland Property Management ("Crossland") ($49,857.06).

Lalonde now moves the Court for an order releasing $10,000 of these frozen assets so that he can acquire expert witness testimony and conduct other discovery to defend against

Plaintiff's claims. Lalonde argues that he has a constitutional right to such funds so that he can put on a meaningful defense, and that some of the assets frozen should be released because they are unrelated to Plaintiff's claims against him. Both claims are false.

First, Lalonde does not have a constitutional right in this civil action to access frozen assets so that he may put on a defense. While a civil defendant has a constitutional right to retain hired counsel if he can obtain counsel through his own efforts, *see, e.g., Potashnick v. Port City Constructions Co.*, 609 F.2d 1101, 1117-18 (5th Cir. 1980), this right does not require the government to provide lawyers for civil defendants. *Id; see also FTC v. Atlantex*, 872 F.2d 966, 970 (11th Cir. 1989). It also does not require the release of frozen assets so that a defendant in a civil case may hire attorneys or experts, or otherwise defend his claim. *See, e.g., CFTC v. Noble Metals Int'l, Inc.*, 67 F.3d 766, 775 (9th Cir. 1995) ("A district may ... forbid or limit payment of attorney fees out of frozen assets."); *FTC v. Image Sales and Consultants, Inc.*, 1997 U.S. Dist. LEXIS 18905, at **7-8 (N.D. Ind. Nov. 14, 1997) (denying motion to withdraw funds to pay legal fees and expenses); *FTC v. Jordan Ashley, Inc.*, 1994 U.S. Dist. LEXIS 7577, at **9-11 (S.D. Fla. May 4, 1994) (denying attorney's request for fees out of assets previously frozen by Court's order).

Second, while the Court has found that Plaintiff has not yet presented sufficient evidence of commingling of funds between the Receivership Entities and Crossland to justify incorporating Crossland [DE-54] into the Receivership, Lalonde himself has already consented to the entry of a Preliminary Injunction and admitted that Crossland is owned or controlled by the Defendants.

In this case, the Court has an obligation to "ensure that the assets of the ... defendants

[are] available to make restitution to the injured customers." *FTC v. World Vacation Travel Brokers, Inc.*, 861 F.2d 1020, 1031 (11th Cir. 1988); *see also*, *FTC v. USA Fin., LLC*, 2008 U.S. Dist. LEXIS 59980, at *10 (M.D. Fla. Jul. 21, 2008) ("Where ... the frozen assets fall far below the amount needed to compensate the consumers, the court should exercise its discretion to deny a request to release funds...."). Given that the small amount of assets frozen would not even compensate the fees that the Receiver's attorneys have incurred up to this point [*see* DE-73-1], the Court will exercise its discretion to deny Lalonde's request for release of frozen assets. Having carefully considered Lalonde's Motion, it is hereby

ORDERED THAT Defendant Stephen Lalonde's Motion For Partial Release Of Assets [DE-64] is DENIED.

DONE AND ORDERED in Miami, Florida, this **3rd** day of May, 2010.

_____
JOHN O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
District Judge Patricia Seitz
All Counsel of Record

Copies provided by Chambers to:

Amy Lalonde
2090 NE 65th Street
Fort Lauderdale, FL 33308

Adams County Correctional Center
20 Hobo Fork
Natchez, MS 39120
c/o Stephen Lalonde – #91119-004