UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 09-61840-CIV-SEITZ/O'SULLIVAN

FEDERAL TRADE COMMISSION,

    Plaintiff,

vs.

1st GUARANTY MORTGAGE CORP., *et al.*,

    Defendants.

_____/

## ORDER DENYING DEFENDANT MICHAEL PETROSKI'S MOTION TO DISMISS

THIS MATTER is before the Court on Defendant Michael Petroski's ("Petroski's") Motion To Dismiss [DE-92]. Petroski asserts that the FTC's claims against him should be dismissed because (1) he was not a loan officer, partner, owner, mortgage broker, partner or shareholder with any of the investment companies owned by Defendant Stephen Lalonde ("Lalonde"), (2) he only worked as a sales representative and with numerous other (presumably) low-level employees in credit restoration and (3) the FTC has not taken his deposition.

However, on a motion to dismiss challenging the sufficiency of the allegations in a plaintiff's complaint, the Court must accept as true all factual allegations contained therein and construe them in a light most favorable to the plaintiff. *Evans v. Prime Inc.*, 602 F.3d 1283, 1291 (11th Cir. 2010). Moreover, dismissal is only appropriate where the plaintiff's factual allegations do not "raise a right to relief above a speculative level." *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008). Since the Court must only address the adequacy of Plaintiff's allegations against Petroski, the fact that Plaintiff has not deposed Petroski is irrelevant.

Here, Plaintiff alleges that Petroski was a manager of Defendants 1st Guaranty Mortgage Corp. ("1st Guaranty") and Crossland Credit Consulting Corp. ("Crossland"), and that he "held himself out to consumers as the owner of Crossland." (DE-1, Complaint at ¶ 12). They further allege that he, along with 1st Guaranty, Crossland and Lalonde (1) marketed, advertised, and promoted credit repair services to consumers, which involved falsely representing to consumers that 1st Guaranty and Crossland could raise their credit scores within 30 to 120 days (Complaint at ¶¶ 23-26), (2) accepted fees from consumers before providing any credit repair service (Complaint at ¶ 28), (3) guaranteed to consumers that they could obtain a home loan based on their increased credit score, although in numerous instances consumers did not see their scores increase (Complaint at ¶ 29), and (4) falsely represented to customers that they would obtain a modified mortgage loan from Defendant Scoreleaper, LLC, with substantially reduced interest rates or payments (Complaint at ¶¶ 34-36).

These factual allegations support the FTC's claims against Petroski for (1) making misrepresentations to induce customers to purchase credit repair services, (2) charging consumers for credit repair services before those services were fully performed, and (3) undertaking deceptive telemarketing acts or practices. As a result, the Court will not dismiss Plaintiff's claims against Petroski or strike the Complaint. Accordingly, it hereby

ORDERED THAT Defendant Michael Petroski's Motion To Dismiss [DE-92] is DENIED.

DONE AND ORDERED in Miami, Florida, this 30th day of July, 2010.

_____
JOHN O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
District Judge Patricia Seitz
All Counsel of Record

Copies provided by Chambers to:

Amy Lalonde
2090 NE 65th Street
Fort Lauderdale, FL 33308

Adams County Correctional Center
20 Hobo Fork
Natchez, MS 39120
c/o Stephen Lalonde – #91119-004

Michael Petroski
5161 NE 18th Ave
Fort Lauderdale, FL 33334