UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 09-61840-CIV-SEITZ/O'SULLIVAN

FEDERAL TRADE COMMISSION,

        Plaintiff,

vs.

1st GUARANTY MORTGAGE CORP., *et al.*,

        Defendants.
_____/

### ORDER DENYING MOTION TO STAY, GRANTING IN-PART MOTION TO COMPEL, DENYING MOTION TO RECONSIDER, AND DENYING MOTIONS FOR INTERLOCUTORY APPEAL

THIS MATTER is before the Court on a number of Motions filed by Defendant Stephen Lalonde ("Lalonde"): (1) a Motion To Stay Proceedings until the resolution of Lalonde's related criminal case [DE-94], (2) a Motion To Compel Defendant Michael Petroski ("Petroski") to properly serve Lalonde with any filings and to stay the disposition of any motion Petroski has filed with the Court [DE-98], (3) a Motion To Reconsider [DE-99] the Court's Order on Lalonde's previous Motion For Partial Release Of Assets and (4) two Motions For Interlocutory Appeal [DE-95, DE-101].  The Court will address each Motion in turn.

    **1.**    **Motion To Stay**

First, Lalonde requests that the proceedings in this matter be stayed until his related criminal case is "fully resolved."  Lalonde indicates that he plans on filing a motion under 28 U.S.C. § 2255 to attempt to withdraw his guilty plea in that criminal case and that, in the event that his attempt to withdraw his plea is successful, his privilege against self-incrimination will be violated if he is forced to proceed with this civil action.  However, a "blanket assertion of the

privilege against self-incrimination is an inadequate basis for the issuance of a stay." *SEC v. Wright*, 261 Fed. Appx. 259, 263 (11th Cir. 2008). As Lalonde's criminal proceeding is presently closed such that the Court has no reason to believe the FTC has brought this case to obtain evidence in that proceeding, and his claim is entirely contingent on the success of a motion he has not yet filed, Lalonde's Motion To Stay will be denied. *See id.* (stay is unwarranted when there is no evidence to suggest the Government brought a civil case solely to obtain evidence for a related criminal prosecution).

    **2.**    **Motion To Compel**

Second, Lalonde has moved to compel Petroski to serve Lalonde with all filings that Petroski submits in this case. While Petroski is proceeding *pro se*, Petroski is still obligated to comply with the Federal Rules of Civil Procedure and must serve Lalonde and all other Parties with all filings that Petroski makes in this case. Petroski can do so by mailing copies of any filing he submits to Stephen and Amy Lalonde at the addresses provided at the end of this Order, and to the FTC. As a result, Lalonde's Motion To Compel is granted to the extent that the Court orders that Petroski must serve him with Petroski's filings.

However, Lalonde's Motion is denied to the extent that he asks for a stay on the disposition of Petroski's motions so that he can respond. Petroski has only filed one motion in this action and the Court does not need the benefit of a response to resolve that motion. Accordingly, Lalonde's Motion To Compel will be granted in-part and denied in-part as described above.

    **3.**    **Motion To Reconsider Order Denying Release Of Assets**

Third, Lalonde asks the Court to reconsider its May 3, 2010 Order [DE-77] denying his

Motion For Partial Release Of Assets so that he can hire an expert witness and conduct other discovery.  In that Order, the Court, following undisputed case law, held that Lalonde does not have a constitutional right in this civil action to access frozen assets to defend himself.  Moreover, it found that the release of such assets to Lalonde was not appropriate in this case because of the very small amount of assets that are presently available to provide restitution to consumers.  Lalonde does not reference in his motion any change in law or increase in the amount of frozen assets available and, as a result, his motion for reconsideration will be denied.

    4.    **Motions For Interlocutory Appeal**

Finally, Lalonde has filed two requests for interlocutory appeal, contingent upon the Court's denial of his Motion To Stay pending the resolution of his criminal case and Motion For Reconsideration.  However, the court can only grant permission for interlocutory appeal when it believes an order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292.  Certifying for appeal the issues of whether Lalonde is entitled to a stay pending the "resolution" of his currently-closed criminal case and whether he is entitled to release of seized assets will not materially advance the conclusion of this litigation.  Moreover, the Court does not believe a substantial ground for difference of opinion exists as to the propriety of its orders addressing those issues.  As a result, Lalonde's Motions For Interlocutory Appeal will be denied.  Having carefully considered Lalonde's Motions, it is hereby

    ORDERED THAT

    (1) Lalonde's Motion To Stay Proceedings [DE-94] is DENIED,

(2) Lalonde's Motion To Compel [DE-98] is GRANTED IN-PART and DENIED IN-PART as described above,

(3) Lalonde's Motion To Reconsider [DE-99] is DENIED.

(4) Lalonde's Motions For Interlocutory Appeal [DE-95, DE-101] are both DENIED.

DONE AND ORDERED in Miami, Florida, this 30th day of July, 2010.

_____
JOHN O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
District Judge Patricia Seitz
All Counsel of Record

Copies provided by Chambers to:

Amy Lalonde
2090 NE 65th Street
Fort Lauderdale, FL 33308

Adams County Correctional Center
20 Hobo Fork
Natchez, MS 39120
c/o Stephen Lalonde – #91119-004

Michael Petroski
5161 NE 18th Ave
Fort Lauderdale, FL 33334