UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO:09-61840-CIV-SEITZ/O'SULLIVAN

FEDERAL TRADE COMMISSION,

        Plaintiff,

vs.

1st GUARANTY MORTGAGE CORP., *et al.*,

        Defendants.
_____/

### ORDER GRANTING IN-PART RECEIVER'S FIRST APPLICATION FOR ALLOWANCE AND PAYMENT OF EXPENSES INCURRED BY THE RECEIVER AND RETAINED COUNSEL

THIS MATTER is before the Court on the Receiver's First Application For Allowance And Payment Of Expenses Incurred By The Receiver And Retained Counsel [DE-73] and Defendant Stephen Lalonde's ("Lalonde's") Motion To Deny [DE-87] the request. The Receiver moves for an order authorizing him to make payments from the Receivership Estate to compensate him for $78,597.00 in legal fees, and $2,560.02 in costs and expenses. However, the Receiver admits that the Receivership's accounts currently have a balance of just over $4,000. Lalonde claims that the Receiver has incurred an unreasonable amount of expenses.

The Receiver is an officer of the Court, acts under its supervision and is entitled to compensation for work performed consistent with its appointment. *SEC v. Elliot*, 953 F.3d 1560, 1577 (11th Cir. 1992). A claim for receivership expenses must be supported by sufficient information for the Court to determine that the expenses are actual and necessary costs of preserving the estate. *SEC v. Kirkland*, Case No. 6:06-CV-183-Or-28KRS (M.D. Fla. filed Jan. 4, 2007). Here, the Receiver has produced to the Court a detailed list of itemized professional

charges and expenses. Because the amount of those charges and expenses far exceeds the money available in the Receivership's accounts, the Court need not undertake a detailed analysis of whether each of the itemized charges is reasonable. A review of the charges and expenses reveals that the Receiver would be entitled to funds far in excess of the monies presently held by the Receiver. The Receiver should be awarded the monies[1] presently available in the Receivership Estate as compensation for attorneys' fees and costs. Should more monies be recovered, the undersigned will rule on the reasonablness of the entire request for fees and costs. Accordingly, it is hereby

ORDERED THAT

(1) The Receiver's First Application For Allowance And Payment Of Expenses Incurred By The Receiver And Retained Counsel [DE-73] is GRANTED IN-PART and awards the Receiver the amounts currently in the Receivership Estate as compensation for attorneys' fees and costs. The Receiver may distribute the funds to its retained counsel.

(2) Lalonde's Motion To Deny [DE-87] the Receiver's Motion is DENIED.

DONE AND ORDERED in Miami, Florida, this **2nd** day of August, 2010.

JOHN O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
District Judge Patricia Seitz
All Counsel of Record

Copies provided by Chambers to:

Amy Lalonde
2090 NE 65th Street
Fort Lauderdale, FL 33308

---

[1] Just over $4,000 is available in the Receivership Estate.

Adams County Correctional Center
20 Hobo Fork
Natchez, MS 39120
c/o Stephen Lalonde – #91119-004

Michael Petrosky
5161 NE 18th Ave
Fort Lauderdale, FL 33334