UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-61840-CIV-SEITZ/O'SULLIVAN

FEDERAL TRADE COMMISSION,

        Plaintiff,

vs.

1st GUARANTY MORTGAGE CORP., *et al.*,

        Defendants.
_____/

## ORDER DENYING MOTIONS TO STAY

THIS MATTER is before the Court on the Motions To Stay Proceedings [DE-146, DE-147]. Defendant Stephen Lalonde claims that the action should be stayed due to the violation of his due process rights at his current place of incarceration in Broward County, Florida, including the following: (1) apparent inability to access the facility's law library personally and failure of jail personnel to bring him case law he believes would be adequate to prepare filings for the Court; (2) inability to obtain photocopies for exhibits despite making numerous requests; (3) inability to submit filings requiring postage of over 44 cents because the jail does not provide pre-stamped envelopes for materials requiring more than 44 cents of postage; (4) failure to receive any motion file by Defendant Michael Petroski; (5) purportedly hearing only 50% of the Court's last Status Conference on October 12, 2010; and (6) jail corrections officers' removal of legal materials from his cell during a search and disposal of those materials, when the officers did not conduct a search in other cells.

To raise a claim that his constitutional right to access courts have been violated, Lalonde must demonstrate an actual injury. *Lewis v. Casey*, 518 U.S. 343, 354. Moreover, "the injury

requirement is not satisfied by just any type of frustrated legal claim." *Id.* To suffer an actual injury, the incarcerated litigant's "legal claim must be an appeal from a conviction for which the inmate was incarcerated, a habeas petition, or a civil rights action." *Bass v. Singletary,* 143 F.3d 1442 (11th Cir. 1998). Lalonde has no standing to raise a claim for violation of the constitutional right to access courts because he is a defendant in a civil proceeding. *See Wilson v. Blankenship*, 163 F.3d 1284, 1291 (11th Cir. 1998) (detainee proceeding *pro se* has no standing to raise an access to courts claim with respect to a civil forfeiture case in which he is a defendant); *see also Corker v. Cannon*, 2008 U.S. Dist. LEXIS 33857, at **4-6 (M.D. Fla. Apr. 24, 2008). Accordingly, the Court has no reason to stay the action and will require Lalonde to file a response to Plaintiff's Motion For Summary Judgment by December 10, 2010, as previously ordered. It is hereby

ORDERED THAT the Motions To Stay Proceedings [DE-146, DE-147] are DENIED.

DONE AND ORDERED in Miami, Florida, this **19th** day of November, 2010.

_____
JOHN O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
District Judge Patricia Seitz
All Counsel of Record

Copies provided by Chambers to:

Amy Lalonde
2090 NE 65th Street
Fort Lauderdale, FL 33308

Stephen Lalonde
Reg. No. #91119-004
Adams County Correctional Center
P.O. Box 1600
Washington, MS 30190

Stephen Lalonde
Reg. No. #501009554
P.O. Box 9356
Ft. Lauderdale, FL 33310

Michael Petroski
5161 NE 18th Ave
Fort Lauderdale, FL 33334

Michael Petroski
Reg. No. 151000125-8B
Joseph V. Conte Facility
P.O. Box 407016
Ft. Lauderdale, FL 33340