**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO: 09-61840-CIV-SEITZ/O'SULLIVAN

FEDERAL TRADE COMMISSION,

                    Plaintiff,

vs.

1st GUARANTY MORTGAGE CORP., *et al.*,

                    Defendants.

_____/

**OMNIBUS ORDER**

       THIS MATTER is before the Court on a number of Motions filed by the plaintiff and the

defendants, Stephen Lalonde ("Lalonde"), and Michael Petroski ("Petroski").

The Court will address each Motion in turn.

1.      **Plaintiff's Motion to Modify the Court's Status Conference Order (DE# 140,**
           **10/18/10)**

2.      **Motion to Produce Additional Documents and Transcripts (DE# 144,**
           **10/28/10) filed by Petroski.**

3.      **Defendant Stephen Lalonde Motion Pursuant to U.S.C.A. 56(f) to Reconsider**
           **Motion for Extension of Discovery (DE# 155, 12/28/11)**

4.      **Defendant Stephen Lalondes Motion to Dismiss Complaint for Injunctive**
           **and Other Equitable Relief (DE# 161, 12/30/11);**

5.      **Motion for Stay of Summary Judgment (DE# 162, 1/4/11) filed by Petroski;**

6.      **Defendant Stephen Lalonde's Motion to Compel Defendant Michael Petroski**
           **to Follow Courts Previous Order of Service (DE# 164, 1/6/11)**

7.      **Defendant Stephen Lalondes Request to Court Recorder to Receive Filings**
           **That Were Unserved Upon Stephen Lalonde (DE# 176, 1/24/11);**

8.      **Alternative Motion for Rule 54(b) Certification of Partial Appealability**
           **(DE# 177, 1/25/11) filed by Stephen Lalonde; and**

9.   Plaintiff's Motion to Strike Defendant Michael Petroski's Sur-Reply in Connection with Plaintiff's Motion for Summary Judgment (DE# 178, 1/25/11).

10.   Plaintiff's Motion to Strike Defendant Stephen Lalonde's ("Lalonde's") Response to the Federal Trade Commission's Reply to Lalonde's Opposition to Plaintiff's Motion for Summary Judgment (DE# 180, 1/25/11);

11.   Defendant Stephen Lalonde's Third Motion to Compel Defendant Michael Petroski to Follow Courts Previous Order of Service (DE# 184, 2/1/11);

12.   Defendant Stephen Lalondes Request for Leave to File Responses to Plaintiff's Reply for Opposition of Summary Judgment (DE# 185, 2/1/11);

13.   Motion to Dismiss (DE# 186, 2/1/11) filed by Petroski;

14.   Motion for Extension of Discovery (DE# 192, 2/18/11) filed by Petroski;

15.   Plaintiff's Motion to Strike Defendant Stephen Lalonde's Supplemental Filing, Dated March 21, 2011 (DE# 199, 3/22/11); and

16.   Defendant Stephen Lalonde's Request for Additional Docket Information (DE# 201 3/24/11).

## DISCUSSION

1.   Plaintiff's Motion to Modify the Court's Status Conference Order (DE# 140, 10/18/10)

The plaintiff seeks to have the filing deadline for Lalonde's response to the plaintiff's motion for summary judgment to be shortened from December 10, 2010 to November 26, 2010, which was the deadline for Petroski to file his response. Lalonde filed his response on December 27, 2010. The plaintiff's motion is denied as moot.

2.   Motion to Produce Additional Documents and Transcripts (DE# 144, 10/28/10) filed by Petroski

In his motion, Petroski seeks additional documents and transcripts. In response, the plaintiff states that it mailed Petroski the seven summary judgment exhibits that he claims were

missing from the set previously provided by the plaintiff.  Additionally, the plaintiff states that

Petroski seeks two sets of documents that should have been requested during the discovery

period, namely: 1) Western Union records regarding Petroski's receipt of $26,000 from

consumers; and 2) all of his e-mails to an individual names Jim Lawing.  Discovery closed on

July 30, 2010.  Notwithstanding the untimeliness of the request, as an accommodation, the

plaintiff furnished the Western Union documents to Petroski.  The plaintiff previously furnished

the Lawing e-mails that were relevant to its summary judgment motion as part of its exhibits.

Because Petroski's motion is well outside the discovery deadline and the plaintiff furnished the

Western Union and relevant e-mails, the motion is denied.

3.      **Defendant Stephen Lalonde Motion Pursuant to U.S.C.A. 56(f) to Reconsider
        Motion for Extension of Discovery (DE# 155, 12/28/11)**

        In his motion, which was filed approximately six months after the discovery deadline

expired, Lalonde seeks reconsideration of the Court's denial of his motion to extend discovery an

additional 90 days.  Lalonde claims that he showed good cause by the phone restrictions and

lockdowns that he experienced  while incarcerated.  Impairment of a party's civil litigating

capacity is one of the constitutional, incidental consequences of conviction and incarceration.

*Lewis v. Casey*, 518 U.S. 343, 355 (1996).   The scheduling order afforded the parties fourteen

months to conduct discovery.  Lalonde's lack of diligence in conducting discovery supports the

denial of a motion for an extension of time.  *See Barfield v. Brierton*, 883 F.2d 923, 932 (11th Cir.

1989) (denial of pro se prisoner's motion for a continuance to depose witnesses, despite

compliance with the technical requirements of Rule 56(f), did not constitute abuse of discretion

by the court where appellant had not been diligent in acquiring the necessary evidence).  The

motion for reconsideration is denied.

**4.     Defendant Stephen Lalondes Motion to Dismiss Complaint for Injunctive and Other Equitable Relief (DE# 161, 12/30/11)**

Lalonde seeks to dismiss the Complaint on the grounds that the FTC has failed to show that he directly participated in or had knowledge of the challenged deceptive practices asserted in Counts 1-4 and 6, and that the Court lacks subject matter jurisdiction and that venue is improper and that the prior administrative and criminal proceedings preempt Count 5 and the monetary relief sought by the FTC under it.  As to Counts 1-4 and 6, the motion to dismiss challenges the merits and is either an untimely motion for summary judgment or a meritless motion for judgment on the pleadings.  The motion does not raise any pleading deficiencies for the counts asserted.  Dismissal is only appropriate where the plaintiff's factual allegations do not "raise a right to relief above a speculative level." *Rivell v. Private Health Care Sys., Inc.,* 520 F.3d 1308, 1309 (11th Cir. 2008).  As to Count 5, this Court has original, federal question jurisdiction and venue is proper in this district.  *See* 28 U.S.C. §§  1331, 1335, 1337(a); *see also* U.S.C. §§ 45(a), 53b, and 57b .  Finally, the prior administrative and criminal proceedings arising from the same facts asserted in Count 5 do not preempt the FTC's civil claim or the Court's ability to grant monetary relief.  Thus, the motion is denied.

**5.     Motion for Stay of Summary Judgment (DE# 162, 1/4/11) filed by Petroski**

Petroski seeks a stay of the plaintiff's motion for summary judgment on the grounds that his incarceration prevented him from effectively opposing the plaintiff's motion and that he needs to obtain discovery from the Receiver.  Petroski did not support his motion for stay with an affidavit as required by Fed. R. Civ. P. 56(d).  In its  November 19, 2010 Order (DE# 149), this

Court denied a similar motion for stay filed by Lalonde.  Petroski filed this motion for stay well after he filed his response in opposition to the plaintiff's Motion for Summary Judgment. Petroski's lack of diligence in conducting discovery does not warrant a stay or continuance of the plaintiff's motion for summary judgment. *See Barfield v. Brierton*, 883 F.2d 923, 932 (11th Cir. 1989) (denial of pro se prisoner's motion for a continuance to depose witnesses, despite compliance with the technical requirements of Rule 56(f), did not constitute abuse of discretion by the court where appellant had not been diligent in acquiring the necessary evidence). Petroski's Motion for Stay of Summary Judgment is denied.

**6.    Defendant Stephen Lalonde's Motion to Compel Defendant Michael Petroski to Follow Courts Previous Order of Service (DE# 164, 1/6/11)**

The motion is granted and Petroski shall serve all papers on all parties to this action, including Lalonde.

**7.    Defendant Stephen Lalondes Request to Court Recorder to Receive Filings That Were Unserved Upon Stephen Lalonde (DE# 176, 1/24/11);**

In his motion, Lalonde states that he has not received the following docket entries in this action: 90, 104, 115, 119, 120, 123, 124, 125, 126, 134, 135, 143, 144, 145, and 162.  The FTC responded that it filed only docket entry 145 and that it served Lalonde with an additional copy of it notwithstanding that it was previously served on Lalonde on November 4, 2011.  The motion is granted and the Clerk of Court is directed to serve copies of docket entries: 90, 104, 115, 119, 120, 123, 124, 125, 126, 134, 135, 143, 144 and 162 on the defendant, Lalonde.

**8.    Alternative Motion for Rule 54(b) Certification of Partial Appealability (DE# 177, 1/25/11) filed by Stephen Lalonde**

In his motion, Lalonde requests that this Court certify an appeal in the event that this

Court denies his motion to dismiss.  An order denying a motion to dismiss does not constitute a full or partial judgment that could be appealed pursuant to Fed. R. Civ. P. 54(b).  Interlocutory appeals are governed by 28 U.S.C. § 1292(b).  Lalonde's motion to dismiss does not meet the requirements for an interlocutory appeal, which include: 1) "a controlling question of law;" 2) "as to which there is substantial ground for difference of opinion;" and an immediate appeal of a denial will not 3) "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *Simpson v. Carolina Builders Corp.,* 222 Fed. Appx. 924, 925 (11th Cir. 2007) (citing *McFarlin v. Conseco Servs.*, 381 F.3d 1251, 1257-59 (11th Cir. 2004)).  Thus, the motion is denied.

9.  **Plaintiff's Motion to Strike Defendant Michael Petroski's Sur-Reply in Connection with Plaintiff's Motion for Summary Judgment (DE# 178, 1/25/11)**

See discussion under number 11 below.

10.  **Plaintiff's Motion to Strike Defendant Stephen Lalonde's ("Lalonde's") Response to the Federal Trade Commission's Reply to Lalonde's Opposition to Plaintiff's Motion for Summary Judgment (DE# 180, 1/25/11)**

See discussion under number 11 below.

11.  **Defendant Stephen Lalondes Request for Leave to File Responses to Plaintiff's Reply for Opposition of Summary Judgment (DE# 185, 2/1/11)**

Because these three motions involve the same issues, the Court will address them together.  The FTC seeks to strike the sur-replies of Lalonde and Petroski directed at the plaintiff's motion for summary judgment.  Lalonde seeks leave to file a sur-reply after the fact. Local Rule 7.1(c) of this Court provides that after a movant's reply, "[n]o further or additional memoranda of law shall be filed without prior leave of Court."  Neither Lalonde nor Petroski filed a timely motion for leave. *See Karlecke v. City of Delray Beach*, 2010 U.S. Dist. LEXIS

6963, *1-2 n.1 (S.D. Fla. Jan. 28, 2010) (citing Local Rule 7.1(c), court did not consider sur-reply in deciding summary judgment motion); *see also Eckert v. United States*, 232 F. Supp. 2d 1312, 1314 n.1 (S.D. Fla. 2002) (citing Local Rule 7.1(c), court  noted that leave was not sought or given for filings beyond the motion, response, and reply, and did not consider additional filings in deciding summary judgment motions).  Additionally, the plaintiff's replies did not raise any new issues that would justify a sur-reply.  *Exhibit Icons, LLC v. XP Cos., LLC,* 609 F. Supp. 2d 1282, 1301 (S.D. Fla. 2009) (court denied motion for leave to file sur-reply).  The plaintiff's motions to strike are granted; Petroski's motion for leave is denied.

**12.     Defendant Stephen Lalonde's Third Motion to Compel Defendant Michael Petroski to Follow Courts Previous Order of Service (DE# 184, 2/1/11)**

The motion is granted. Petroski shall serve copies of his papers on Lalonde and all other parties to this action.

**13.     Motion to Dismiss (DE# 186, 2/1/11) filed by Petroski**

This is Petroski's second motion to dismiss and motion to stay.  Petroski seeks to dismiss the Complaint for insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(5), arguing that he was not served within 120 of the filing of the Complaint as required by Fed. R. Civ. P. 4 (m); that he was served at the homes of his father and sister outside of Florida, when he lived in Florida; and that service by e-mail was ineffective pursuant to Fed. R. Civ. P. 5(b)(2).  He also reiterates his previous motion for a stay pursuant to Fed. R. Civ. P. 56 (d)(2) regarding the motion for summary judgment. Petroski waived the defense of insufficient service of process: 1) he stipulated to the preliminary injunction (DE# 80); 2) he signed a consent to magistrate judge jurisdiction (DE# 79), which indicated his willingness to be subject to the Court's jurisdiction; and 3) failed to raise jurisdictional challenge in his initial motion to dismiss (DE# 92, 7/1/10).

*See Aeration Solutions, Inc. v. Dickman*, 85 Fed. Appx. 772, 775 (Fed. Cir. 2004) (reversing

dismissal for lack of personal jurisdiction where service of process had not occurred, finding that

defendant's stipulation to an injunction, without reservation of right to challenge jurisdiction,

expressly indicated the party's willingness to submit itself to the equitable powers of the court);

*see also Pardazi v. Cullman Medical Center*, 896 F.2d 1313, 1316-17 (11th Cir. 1990)

(defendant waived his objection to insufficient service of process, including failure to serve

within 120 days, by failing to timely object as required by Fed. R. Civ. P. 12(g) and (h)).

Petroski's second motion to dismiss and motion for stay are denied.

**14.     Motion for Extension of Discovery (DE# 192, 2/18/11) filed by Petroski**

        Petroski has filed several motions for extension claiming that he has been unable to

obtain discovery due to his incarceration. Petroski requests access to the documents in the

Receiver's possession.   Impairment of a party's civil litigating capacity is one of the

constitutional, incidental consequences of conviction and incarceration.  *Lewis v. Casey*, 518

U.S. 343, 355 (1996).   The scheduling order afforded the parties fourteen months to conduct

discovery.  The Court granted Petroski an extension of time until November 26, 2010 to file his

response to the plaintiff's motion for summary judgment. Petroski's lack of diligence in

conducting discovery supports the denial of a motion for an extension of time.  *See Barfield v.

Brierton*, 883 F.2d 923, 932 (11th Cir. 1989) (denial of pro se prisoner's motion for a continuance

to depose witnesses, despite compliance with the technical requirements of Rule 56(f), did not

constitute abuse of discretion by the court where appellant had not been diligent in acquiring the

necessary evidence).  The motion is denied.

**15.     Plaintiff's Motion to Strike Defendant Stephen Lalonde's Supplemental Filing, Dated March 21, 2011 (DE# 199, 3/22/11)**

For the reasons set forth in the discussion under number 11, the motion to strike is granted.

**16.     Defendant Stephen Lalonde's Request for Additional Docket Information (DE# 201 3/24/11).**

In his motion, Lalonde requests a copy of the Court docket because he claims that he has not been served with all of the filings in this case. All parties are required to serve their respective filings on all other parties pursuant to the Federal Rules of Civil Procedure and the Local Rules of this Court. As an accommodation, the Court grants the motion and directs the Clerk of Court to provide a copy of the Court docket to Lalonde.

## <u>CONCLUSION</u>

For the reasons set forth above, it is hereby

ORDERED THAT

1.     Plaintiff's Motion to Modify the Court's Status Conference Order (DE# 140, 10/18/10) is DENIED.

2.     Motion to Produce Additional Documents and Transcripts (DE# 144, 10/28/10) filed by Petroski is DENIED.

3.     Defendant Stephen Lalonde Motion Pursuant to U.S.C.A. 56(f) to Reconsider Motion for Extension of Discovery (DE# 155, 12/28/11) is DENIED.

4.     Defendant Stephen Lalondes Motion to Dismiss Complaint for Injunctive and Other Equitable Relief (DE# 161, 12/30/11) is DENIED.

5.     Motion for Stay of Summary Judgment (DE# 162, 1/4/11) filed by Petroski is DENIED.

6.     Defendant Stephen Lalonde's Motion to Compel Defendant Michael Petroski to Follow Courts Previous Order of Service (DE# 164, 1/6/11) is GRANTED.

7.      Defendant Stephen Lalondes Request to Court Recorder to Receive Filings That
        Were Unserved Upon Stephen Lalonde (DE# 176, 1/24/11) is GRANTED.

8.      Alternative Motion for Rule 54(b) Certification of Partial Appealability  (DE#
        177, 1/25/11) filed by Stephen Lalonde is DENIED.

9.      Plaintiff's Motion to Strike Defendant Michael Petroski's Sur-Reply in
        Connection with Plaintiff's Motion for Summary Judgment (DE# 178, 1/25/11) is
        GRANTED.

10.     Plaintiff's Motion to Strike Defendant Stephen Lalonde's ("Lalonde's") Response
        to the Federal Trade Commission's Reply to Lalonde's Opposition to Plaintiff's
        Motion for Summary Judgment (DE# 180, 1/25/11) is GRANTED.

11.     Defendant Stephen Lalonde's Third Motion to Compel Defendant Michael
        Petroski to Follow Courts Previous Order of Service (DE# 184, 2/1/11) is
        GRANTED.

12.     Defendant Stephen Lalondes Request for Leave to File Responses to Plaintiff's Reply for
        Opposition of Summary Judgment (DE# 185, 2/1/11) is DENIED.

13.     Motion to Dismiss (DE# 186, 2/1/11) filed by Petroski is DENIED.

14.     Motion for Extension of Discovery (DE# 192, 2/18/11) filed by Petroski is DENIED.

15.     Plaintiff's Motion to Strike Defendant Stephen Lalonde's Supplemental Filing, Dated
        March 21, 2011 (DE# 199, 3/22/11) is GRANTED.

16.    Defendant Stephen Lalonde's Request for Additional Docket Information (DE# 201, 3/24/11) is GRANTED.

DONE AND ORDERED in Miami, Florida, this <u>30th</u> day of March, 2011.

JOHN O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
District Judge Patricia Seitz
All Counsel of Record

Copies provided by Chambers to:

Amy Lalonde
2090 NE 65th Street
Fort Lauderdale, FL 33308

Stephen Lalonde
Reg. No. #91119-004
Adams County Correctional Center
P.O. Box 1600
Washington, MS 30190

Michael Petroski
5161 NE 18th Ave
Fort Lauderdale, FL 33334

Michael Petroski
P.O. Box 407016
Fort Lauderdale, FL 33340

Michael Petroski
Reg. No. 151000125-8B
Joseph V. Conte Facility
P.O. Box 407016
Ft. Lauderdale, FL 33340