UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO:09-61840-CIV-O'SULLIVAN
[CONSENT]

FEDERAL TRADE COMMISSION,

    Plaintiff,

vs.

1st GUARANTY MORTGAGE CORP., *et al.*,

    Defendants.
_____/

## ORDER

THIS MATTER is before the Court on the Defendant Stephen Lalonde's Motion to Reconsider Previously Filed Opposition to Summary Judgment and Other Previously Filed Motions (DE# 209, 5/11/11); and Defendant Stephen Lalonde's Filing of Exhibit in Support of Previously Filed Motion to Reconsider Previously Filed Opposition to Summary Judgment and Other Previously Filed Motions (DE# 213, 6/23/11); and the Plaintiff's Opposition to Defendant Stephen Lalonde's Submission of Additional Exhibit in Support of His Motion to Reconsider (DE# 214, 6/30/11) . Having reviewed the motion, supplemental filing and response and being otherwise advised in the premises, it is

ORDERED AND ADJUDGED  that the Defendant Stephen Lalonde's Motion to Reconsider Previously Filed Opposition to Summary Judgment and Other Previously Filed Motions (DE# 209, 5/11/11) is DENIED.  It is further

ORDERED AND ADJUDGED that the Defendant Stephen Lalonde's Filing of Exhibit in Support of Previously Filed Motion to Reconsider Previously Filed Opposition to Summary Judgment and Other Previously Filed Motions (DE# 213, 6/23/11) is STRICKEN.  The Declaration of Michael Ammundsen dated May 25, 2011 was obtained well outside the discovery deadline

without evidence that it could not have been obtained timely through due diligence.  See Williams v. North Florida Regional Medical Center, 164 Fed. Appx. 896, 899 (11th Cir. 2006

A motion to alter or amend a judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure must demonstrate why the Court should reconsider its prior decision and "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." PaineWebber Income Properties Three Ltd. Partnership v. Mobil Oil Corp., 902 F. Supp. 1514, 1521 (M.D. Fla. 1995) (quoting Cover v. Wal-Mart Stores, Inc., 148 F.R.D. 294 (M.D. Fla. 1993)). The decision whether to grant or deny a Rule 59(e) motion is discretionary.  Wendy's International, Inc. v. Nu-Cape Construction, Inc., 169 F.R.D. 680, 684 (M.D. Fl. 1996).  Most importantly, a motion for reconsideration should raise new issues and not merely "reiterate arguments previously made."  Z.K. Marine, Inc. v. M/V Archigetis et al., 808 F. Supp. 1561, 1563 (S.D. Fla. 1992); Mobil Oil Corp., 902 F. Supp. at 5121 (citation omitted).

Defendant Lalonde's motion asks this Court to reconsider the following six decisions: 1) an order granting the plaintiff's motion for summary judgment against him (DE# 113, DE# 203)[1]; 2) an order denying his second request to release assets to defend this action (DE# 64, DE# 77); 3) an order denying the Defendant Lalonde's request for the receiver to provide all files electronic or otherwise to him (DE# 82; DE# 84); 4) orders denying requested enlargements of the discovery deadline (DE# 110, DE# 115); 5) an order denying Defendant Lalonde's request to proceed in *forma pauperis* (DE# 117, DE# 132); and 6) the order denying his motion to dismiss Counts 1-4 and 6 (DE# 161, DE# 202). Defendant Lalonde's motion also requests that the Court alter or amend the injunctive and monetary relief in the final judgment that the Court entered against him on March 30,

---

[1]The docket entries cite the underlying motion and the corresponding order.

2011 (DE# 204).

      Defendant Lalonde's motion for reconsideration fails to satisfy the requirements of Rule 59(e). Mr. Lalonde concedes that the three grounds justifying reconsideration pursuant to Rule 59(e) are 1) an intervening change in controlling law; 2) availability of new evidence; and 3) the need to correct clear error or prevent manifest injustice. Fed. R. Civ. P. 59(e); Wendy's Int'l, Inc., 169 F.R.D. at 684 (citations omitted). "[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." Id. (citation omitted) Rule 60(b) authorizes relief from a final judgment, order or proceeding on the following grounds: 1) mistake, inadvertence, surprise, or excusable neglect; 2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); 3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; 4) the judgment is void; 5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or 6) any other reason that justifies relief. Fed. R. Civ. P. 60(b).

      Defendant Lalonde fails to show that there is newly discovered evidence and that the plaintiff engaged in fraud in connection with consumer declarations that it submitted in support of the plaintiff's motion for summary judgment. Flexiteek Ams., Inc. V. Plasteak, Inc., 2010 WL 662009 * 1 (S.D. Fla. Feb. 20, 2010) (evidence must be newly discovered since the entry of a final judgment order; and the movant must have exercised due diligence in discovering the new evidence). "[R]elief under 60(b)(2) based on newly discovered evidence requires all of the following:

      (1) the evidence must be newly discovered since the summary judgment order; (2)

>the movant must have exercised due diligence in discovering the new evidence; (3) the evidence cannot be merely cumulative or impeaching; (4) the evidence must be material; and (5) the new evidence must be such that it would produce a different outcome in the underlying action.

Williams v. North Florida Regional Medical Center, 164 Fed. Appx. 896, 899 (11th Cir. 2006) (citing Waddell v. Hendry County Sheriff's Office, 329 F.3d 1300, 1309 (11th Cir. 2003)).

The alleged "new" evidence is not new. Mr. Ammundsen's interrogatory answers were not newly discovered after the entry of the judgment against Defendant Lalonde. Mr. Lalonde filed Mr. Ammundsen's interrogatory answers on March 21, 2011 (DE 189), as part of a sur-reply (DE# 198) to the Plaintiff's summary judgment motion that the Court struck on March 30, 2011 (DE# 202). Likewise, the declaration of Tammy Campbell is not new. Ms. Campbell's declaration was submitted by Defendant Amy Lalonde on September 9, 2010 as part of her opposition to the plaintiff's motion for summary judgment. (DE# 119) (Defendant Amy Lalonde's Statement of Uncontroverted Facts, Ex. 5). Without explanation, Defendant Lalonde asserts that he received the Campbell Declaration on April 4, 2011. (DE# 209 at p. 8)

Defendant Lalonde fails to show that the purported newly discovered evidence was not available prior to the expiration of the discovery deadline in this action and prior to the deadline for filing and responding to a motion for summary judgment. Additionally, Defendant Lalonde fails to show that the new evidence would produce a different result. Thus, relief is not warranted on the ground of newly discovered evidence. See, Williams, 164 Fed. Appx. at 899.

A motion for reconsideration and a motion to alter or amend the judgment do not permit a party to relitigate issues that were previously decided by the Court. Michael Linet, Inc. v. Village of Wellington, Florida, 408 F.3d 757, 763 (11th Cir. 2005) (explaining that Rule 59(e) cannot be used to "relitigate old matters, raise argument or present evidence that could have been raised prior to

entry of the judgment.")(citations omitted); Scuttieri v. Paige, 808 F.2d 785, 795 (11th Cir. 1987) (explaining that Rule 60(b) cannot substitute for an appeal). The Court finds that the requested reconsideration is not warranted.

Defendant Lalonde also fails to show that the plaintiff engaged in fraud in connection with the consumer declarations that it submitted in support of its motion for summary judgment. France v. Riviera-Homes For Am. Holdings, LLC, 2009 WL 3242018 * 2 (M.D. Fla. Oct. 6, 2009)(alleged fraud must be shown by clear and convincing evidence and must have prevented the losing party from fully and fairly presenting his case or defense) (citing Rozier v. Ford Motor Co., 573 F.2d 1332, 1339 (5th Cir. 1978)). Defendant Lalonde's reliance on the supplemental declaration of ex-employee Tammy Campbell, which was submitted to correct discrepancies in an earlier declaration she had signed for the plaintiff, clarifies information regarding Defendant Amy Lalonde. The Campbell declarations reveal Defendant Lalonde's control regarding mortgage payoff monies and his ability to divert these monies to his own use, as alleged in the plaintiff's complaint. (DE# 119, Ex. 5, ¶ 6 and DE 113-4, ¶¶ 15-16) Defendant Lalonde has not shown any fraud on the court by clear and convincing evidence as required by Fed. R. Civ. P. 60(b)(3). See Rozier, 573, F.2d at 1339 (explaining that Rule 60(b)(3) is directed at judgments that were unfairly obtained).

Defendant Lalonde fails to establish any recognizable grounds for relief with respect to the other five decisions of the Court. Instead, he improperly attempts to relitigate the same arguments that he previously made in the underlying motions. Thus, reconsideration is not warranted.

DONE AND ORDERED in Miami, Florida, this **20th** day of July, 2011.

_____
JOHN O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
All Counsel of Record
Copies provided by Chambers to:

Amy Lalonde
2090 NE 65th Street
Fort Lauderdale, FL 33308

Rhett Traband, P.A.
Michael A. Shafir, Esq.
Miami, FL 33131
Attorneys for Receiver
Broad and Cassell
One Biscayne Tower, 21st Floor
2 South Biscayne Boulevard
Miami, FL 33131

Stephen Lalonde
Reg. No. #91119-004
Adams County Correctional Center
P.O. Box 1600
Washington, MS 39190

Michael Petroski
5161 NE 18th Ave
Fort Lauderdale, FL 33334