UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-cv-61840 Seitz/O'Sullivan

FEDERAL TRADE COMMISSION,

    Plaintiff,

v.

1st GUARANTY MORTGAGE CORP., et al.,

    Defendants.

## STIPULATED SETTLEMENT AND FINAL JUDGMENT AND ORDER FOR PERMANENT INJUNCTION AGAINST DEFENDANT AMY LALONDE

Plaintiff, the Federal Trade Commission ("FTC" or "Commission"), commenced this action by filing a Complaint pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b, Section 410(b) of the Credit Repair Organizations Act, 15 U.S.C. § 1679h(b), and the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. §§ 6101-6108, charging Defendants 1st Guaranty Mortgage Corp., Spectrum Title, Inc., Crossland Credit Consulting Corp., Scoreleaper, LLC, Stephen Lalonde, Amy Lalonde, and Michael Petroski with engaging in unfair or deceptive acts or practices in connection with the sale and offering for sale, of mortgages, credit repair services, and loan modification services, in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), the Credit Repair Organizations Act, 15 U.S.C. §§ 1679-1679j, and the FTC's Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310.

The Commission and Defendant Amy Lalonde ("Defendant") have agreed to a settlement of this action. Accordingly, the Commission and Defendant consent to entry of this Stipulated

Settlement and Final Judgment and Order for Permanent Injunction ("Order") without trial or adjudication of any issue of law or fact herein.

### FINDINGS

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337(a), and 1345, and 15 U.S.C. §§ 45(a) and 53(b).

2. The Complaint states a claim upon which relief may be granted against Defendant under Sections 5(a) and 13(b) of the FTC Act, 15 U.S.C. §§ 45(a) and 53(b).

3. The activities of Defendant charged in the Complaint are in or affecting commerce, as defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

4. Defendant does not admit any of the allegations in the FTC's complaint.

5. Defendant enters into this Order freely and without coercion, and acknowledges that she understands the provisions of this Order and is prepared to abide by its terms.

6. Defendant waives all rights to seek appellate review or otherwise challenge or contest the validity of this Order. Defendant further waives and releases any claims she may have against the Commission, its employees, representatives, or agents, including any claim for attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended by Pub.L. 104-121, 110 Stat. 847, 863-4 (1996).

7. This Order is remedial in nature and shall not be construed as the payment of a fine, penalty, punitive assessment, or forfeiture.

8. Entry of this Order is in the public interest.

## ORDER

### Definitions

1. "Assisting others" means providing to any person or entity goods or services that include, but are not limited to: (1) performing customer service functions, including, but not limited to, receiving or responding to consumer complaints; (2) formulating or providing, or arranging for the formulation or provision of, any marketing material; (3) providing names of, or assisting in the generation of, potential customers; or (4) performing marketing or billing services of any kind.

2. "Defendant" means Amy Lalonde.

3. "Document" is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which information can be obtained and translated, if necessary, through detection devices into a reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

### I.

### PROHIBITED REPRESENTATIONS

IT IS FURTHER ORDERED that Defendant and her officers, agents, servants, employees, and all other persons in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, in connection with the advertising, marketing, promoting, offering for sale, or selling of any goods or services are hereby permanently restrained and enjoined from making or assisting others in making, expressly or by implication, any material misrepresentation, including, but not limited to, misrepresenting:

3

  A. That Defendant or any other person will obtain mortgage loans for consumers;

  B. That Defendant or any other person will use the proceeds from mortgage loans to pay off consumers' existing mortgage loans;

  C. That Defendant or any other person will pay off consumers' existing mortgage loans fully and promptly;

  D. The refund policy of Defendant or any other person, including, but not limited to, the likelihood of a consumer obtaining a full or partial refund, or the circumstances in which a full or partial refund will be granted to a consumer; or

  E. Any other material fact.

## II.

## LIFTING OF ASSET FREEZE

**IT IS FURTHER ORDERED** that the freeze of the assets of Defendant, pursuant to Section IV of the Stipulated Preliminary Injunction entered on December 2, 2009, shall be lifted, and shall be of no further force or effect.

## III.

## PROHIBITION ON RELEASE OF CUSTOMER INFORMATION OR CUSTOMER LISTS

**IT IS FURTHER ORDERED** that Defendant, and her officers, agents, servants, employees, and all other persons in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, are permanently restrained and enjoined from:

  A. Disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account

4

       (including a credit card, bank account, or other financial account), of any person which any Defendant obtained prior to entry of this Order in connection with any mortgage; and

B.     Failing to dispose of such customer information in all forms in her possession, custody, or control within thirty (30) days after entry of this Order. Disposal shall be by means that protect against unauthorized access to the customer information, such as by burning, pulverizing, or shredding any papers, and by erasing or destroying any electronic media, to ensure that the customer information cannot practicably be read or reconstructed.

*Provided*, however, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by a law, regulation, or court order.

## IV.

## COOPERATION WITH FTC

**IT IS FURTHER ORDERED** that Defendant shall, in connection with this action or any subsequent investigation or litigation related to or associated with the transactions or the occurrences that at are the subject of the FTC's Complaint, cooperate in good faith with the FTC and appear at such places and times as the FTC shall reasonably request, after written notice, for interviews, conferences, pretrial discovery, review of documents, and for such other matters as may be reasonably requested by the FTC. If requested in writing by the FTC, Defendant shall appear and provide truthful testimony in any trial, deposition, or other proceeding related to or associated with the transaction or the occurrences that are the subject of the Complaint, without the service of a subpoena, *provided, however*, that Defendant shall be entitled to receive any witness fees and expenses allowable pursuant to Federal Rule of Civil Procedure 45.

## V.

## COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring and investigating compliance with any provision of this Order:

A. Within ten (10) days of receipt of written notice from a representative of the Commission, Defendant shall submit additional written reports, which are true and accurate and sworn to under penalty of perjury; produce documents for inspection and copying; appear for deposition; and provide entry during normal business hours to any business location in Defendant's possession or direct or indirect control to inspect the business operation;

B. In addition, the Commission is authorized to use all other lawful means, including but not limited to:

 1. obtaining discovery from any person, without further leave of court, using the procedures prescribed by Fed. R. Civ. P. 30, 31, 33, 34, 36, 45, and 69;

 2. having its representatives pose as consumers and suppliers to Defendant, her employees, or any other entity managed or controlled in whole or in part by Defendant, without the necessity of identification or prior notice; and

C. Defendant shall permit representatives of the Commission to interview any employer, consultant, independent contractor, representative, agent, or employee who has agreed to such an interview, relating in any way to any conduct subject to this Order. The person interviewed may have counsel present.

6

*Provided however*, that nothing in this Order shall limit the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49 and 57b-1, to obtain any documentary material, tangible things, testimony, or information relevant to unfair or deceptive acts or practices in or affecting commerce (within the meaning of 15 U.S.C. § 45(a)(1)).

## VI.

## COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that, in order that compliance with the provisions of this Order may be monitored:

A. For a period of three (3) years from the date of entry of this Order,

1. Defendant shall notify the Commission of the following:

    a. Any changes in Defendant's residence, mailing addresses, and telephone numbers, within ten (10) days of the date of such change;

    b. Any changes in Defendant's employment status (including self-employment), and any change in Defendant's ownership in any business entity, within ten (10) days of the date of such change. Such notice shall include the name and address of each business that Defendant is affiliated with, employed by, creates or forms, or performs services for; a detailed description of the nature of the business; and a detailed description of Defendant's duties and responsibilities in connection with the business or employment; and

7

        c.      Any changes in Defendant's name or use of any aliases or fictitious names within ten (10) days of the date of such change.

    2.    Defendant shall notify the Commission of any changes in structure of any Corporate Defendant or any business entity that Defendant directly or indirectly controls, or has an ownership interest in, that may affect compliance obligations arising under this Order, including, but not limited to: incorporation or other organization; a dissolution, assignment, sale, merger, or other action; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order; or a change in the business name or address, at least thirty (30) days prior to such change, *provided* that, with respect to any such change in the business entity about which a Defendant learns less than thirty (30) days prior to the date such action is to take place, Defendant shall notify the Commission as soon as is practicable after obtaining such knowledge.

B.    One hundred eighty (180) days after the date of entry of this Order, Defendant shall provide a written report to the FTC, which is true and accurate and sworn to under penalty of perjury, setting forth in detail the manner and form in which he has complied and is complying with this Order. This report shall include, but not be limited to:

    1.    Defendant's then-current residence address, mailing addresses, and telephone numbers;

    2.    Defendant's then-current employment status (including self-employment), including the name, addresses, and telephone numbers of each business

8

that Defendant is affiliated with, employed by, or performs services for; a detailed description of the nature of the business; and a detailed description of Defendant's duties and responsibilities in connection with the business or employment;

3. A copy of each acknowledgment of receipt of this Order, obtained pursuant to the Section titled "Distribution of Order;" and

4. Any other changes required to be reported under Subsection A of this Section.

C. For the purposes of this Order, Defendant shall, unless otherwise directed by the Commission's authorized representatives, send by overnight courier all reports and notifications required by this Order to the Commission, to the following address:

>  Associate Director for Enforcement
>  Federal Trade Commission
>  600 Pennsylvania Avenue, N.W., Room M-8102B
>  Washington, D.C. 20580
>  RE: *FTC v. 1st Guaranty, et al.*, Case No. 09-cv-61840 Seitz/O'Sullivan (S.D. Fla.)

*Provided* that, in lieu of overnight courier, Defendant may send such reports or notifications by first-class mail, but only if Defendant contemporaneously sends an electronic version of such report or notification to the Commission at: DEBrief@ftc.gov.

D. For purposes of the compliance reporting and monitoring required by this Order, the Commission is authorized to communicate directly with Defendant.

## VII.

## RECORDKEEPING

**IT IS FURTHER ORDERED** that, for a period of six (6) years from the date of entry of this Order, Defendant, for any business for which he is the majority owner or directly or indirectly controls, is hereby restrained and enjoined from failing to create and retain the following records:

- A. Accounting records that reflect the cost of goods or services sold, revenues generated, and the disbursement of such revenues;

- B. Personnel records accurately reflecting: the name, address, and telephone number of each person employed in any capacity by such business, including as an independent contractor; that person's job title or position; the date upon which the person commenced work; and the date and reason for the person's termination, if applicable;

- C. Customer files containing the names, addresses, phone numbers, dollar amounts paid, quantity of items or services purchased, and description of items or services purchased, to the extent such information is obtained in the ordinary course of business;

- D. Complaints and refund requests (whether received directly or indirectly, such as through a third party,) and any responses to those complaints or requests;

- E. Copies of all sales scripts, training materials, advertisements, or other marketing materials; and

- F. All records and documents necessary to demonstrate full compliance with each provision of this Order, including, but not limited to, copies of acknowledgments

of receipt of this Order required by the Sections titled "Distribution of Order" and "Acknowledgment of Receipt of Order" and all reports submitted to the FTC pursuant to the Section titled "Compliance Reporting."

## VIII.

## DISTRIBUTION OF ORDER

**IT IS FURTHER ORDERED** that, for a period of three (3) years from the date of entry of this Order, Defendant shall deliver copies of the Order as directed below:

A. Defendant as control person: For any business that Defendant controls, directly or indirectly, or in which Defendant has a majority ownership interest, Defendant must deliver a copy of this Order to (1) all principals, officers, directors, and managers of that business; (2) all employees, agents, and representatives of that business who engage in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure set forth in Subsection A.2 of the Section titled "Compliance Reporting." For current personnel, delivery shall be within five (5) days of service of this Order upon Defendant. For new personnel, delivery shall occur prior to them assuming their responsibilities. For any business entity resulting from any change in structure set forth in Subsection A.2 of the Section titled "Compliance Reporting," delivery shall be at least ten (10) days prior to the change in structure.

B. Defendant must secure a signed and dated statement acknowledging receipt of the Order, within thirty (30) days of delivery, from all persons receiving a copy of the Order pursuant to this Section.

11

## IX.

## ACKNOWLEDGMENT OF RECEIPT OF ORDER

IT IS FURTHER ORDERED that Defendant, within five (5) business days of receipt of this Order as entered by the Court, must submit to the Commission a truthful sworn statement acknowledging receipt of this Order.

## X.

## RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

SO STIPULATED:

David Spiegel (Special Bar #A5500392)
Edwin Rodriguez (Special Bar #A5500818)
Federal Trade Commission
600 Pennsylvania Avenue, N.W., M-8102B
Washington, D.C. 20580
Tel: (202) 326-3281(Spiegel)
Tel: (202) 326-3147 (Rodriguez)
Fax: (202) 326-2558
Email: dspiegel@ftc.gov;
erodriguez@ftc.gov
Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

Amy Lalonde, pro se, individually and as an officer of Spectrum Title, Inc.

IT IS SO ORDERED, this 26 day of September, 2011.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE