**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO: 09-61840-CIV-SEITZ/O'SULLIVAN**

**FEDERAL TRADE COMMISSION,**

        **Plaintiff,**

vs.

**1st GUARANTY MORTGAGE CORP.,** *et al.***,**

        **Defendants.**

_____/

**OMNIBUS ORDER**

THIS MATTER is before the Court on a number of Motions filed by the defendants,

Stephen Lalonde ("Lalonde"), and Michael Petroski ("Petroski").

The Court will address each Motion in turn.

1.  **Trustee Stephen Lalonde Individually and as Guardian for Minor Children of Irrevocable Trust Motion to Stay Execution of Judgment and Release of Non Party Assets (DE# 226, 8/3/11);**

2.  **Defendant Stephen Lalonde as Trustee of the Sabaac Family Trust and as Guardian of Minor Beneficiaries of Said Trust Motion to Release All Assets of Non-Party OK Close, Inc. (DE# 249, 11/22/11)**

3.  **Alternative Motion for Rule 54(b) Certification of Appealability and Applicable Authorities in Support Thereof (DE# 233, 9/19/11);**

4.  **Defendant Stephen Lalonde's Leave to File Sur Reply to Plaintiff's Response to Defendant Stephen Lalonde's Additional Filing (DE 232) Concerning His Motin [sic] to Stay Execution of Judgment (DE# 239, 9/30/11);**

5.  **Defendant Petroski's Motion for Relief from Judgment (DE# 243, 10/31/11) and Relief from Judgment or Order (DE# 248, 11/22/11);**

6.  **Defendant Petroski's Motion Seeking Relief from Final Judgment and Order (DE#**

252, 1/18/12);

7.   Defendant Steven Lalonde's Request for Production and Service of Defendant
     Michael Petroski's Second Motion to Dismiss and Request for Sanctions upon
     Defendant Petroski (DE# 246, 11/16/11);

8.   Defendant Stephen Lalonde's Motion for Docket Filing (DE# 251, 1/18/12) is
     GRANTED.

## DISCUSSION

1.   Trustee Stephen Lalonde Individually and as Guardian for Minor Children of
     Irrevocable Trust Motion to Stay Execution of Judgment and Release of Non Party
     Assets (DE# 226, 8/3/11)

2.   Defendant Stephen Lalonde as Trustee of the Sabaac Family Trust and as Guardian
     of Minor Beneficiaries of Said Trust Motion to Release All Assets of Non-Party OK
     Close, Inc. (DE# 249, 11/22/11)

The defendant seeks to stay the execution of the Judgment until resolution of his appeal

and to release certain frozen cash assets. To date, the government has not undertaken efforts to

execute on the subject frozen assets. "'A motion for stay pending appeal is an extraordinary

remedy and requires a substantial showing on the part of the movant.'" In re Advanced

Telecommunication Network, Inc., No. 6:03-Bk-299-KSJ, 2011 WL 722766, *1-2 (M.D. Fla.

Jan. 23, 2011)(quoting Henkel v. Lickman (In re Lickman), 301 B.R. 739, 742 (Bankr. M.D. Fla.

2003) (citations omitted)). To obtain a stay pending an appeal, the movant must show:

> (i) that the movant is likely to prevail on the merits of its appeal, (ii) that the
> movant will suffer irreparable injury if a stay or other injunctive relief is not
> granted, (iii) that other parties will suffer no substantial harm if a stay or other
> injunctive relief is granted, and (iv) in circumstances where the public interest is
> implicated, that the issuance of a stay or other injunctive relief will serve, rather
> than disserve, such public interest.

Jet 1 Ctr., Inc. v. City of Naples Airport Auth. (In re Jet 1 Center, Inc.), No. 2:05 CV 568 FTM

29 DN, 2006 WL 449252, at *1 (M.D. Fla. Feb. 23, 2006) (quoting Tooke v. Sunshine Trust

Mortg. Trust No. 86-225, 149 B.R. 687,689 (M.D. Fla. 1992)).  "'[F]ailure to satisfy one prong [of the four criteria] is fatal to the motion.'" In re Lickman, 301 B.R. at 742 (quoting In re Brown, 290 B.R. 415-424 (Bankr. M.D. Fla. 2001)).  In the present case, Lalonde's motion does not satisfy the third and fourth criteria.  The motion for stay is DENIED.

The defendant argues that certain frozen cash assets are exempt from execution because they belong to non-parties, Crossland Property Management ("Crossland") and Capsouth, LLC ("Capsouth"), which are controlled by the Sabaac Trust.  Several months later, Lalonde filed a motion to release the assets of Non-Party OK Close, Inc., which was not included in his initial motion.  In the second motion, Lalonde seeks release of all hardware and software of OK Close, Inc. in the possession of the Receiver.

On August 1, 2011, the Defendant Stephen Lalonde's Notice of Appeal of All Orders up to and Including Appeal of Final Judgment was filed (DE# 224).  The notice of appeal divested this Court of its jurisdiction to rule on the subject motions seeking release of frozen assets. See Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982) (explaining that "a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously.  The filing of a notice of appeal is an event of jurisdictional significance - it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal").  The Court lacks jurisdiction to resolve the motions regarding release of assets  while the appeal is pending.  The defendant's requests for release of non-party assets are DENIED.

3.    **Alternative Motion for Rule 54(b) Certification of Appealability and Applicable Authorities in Support Thereof (DE# 233, 9/19/11)**

Federal Rule of Appellate Procedure 8(a) (2)(A) (ii) allows parties to file a motion for

stay in the Court of Appeals when the district court has denied a stay motion, but does not

provide for "certification" of such denials by the district court to the appellate court. The

alternative motion is DENIED.

**4.      Defendant Stephen Lalonde's Leave to File Sur Reply to Plaintiff's Response
to Defendant Stephen Lalonde's Additional Filing (DE 232) Concerning His
Motin [sic] to Stay Execution of Judgment (DE# 239, 9/30/11)**

The motion is DENIED for failing to cite any memorandum of law to support the

requested relief. The Local Rules of this Court do not afford for sur-replies to be filed without

leave and justification. See First Specialty Ins. Co. v. 633 Partners, Ltd., 300 F3d. App'x 777,

788 (11th Cir. 2008) (sur-replies "should generally only be allowed when 'a valid reason for such

additional briefing exists, such as where the movant raises new arguments in its reply brief.'")

(quoting Fedrick v. Mercedes-Benz USA, LLC., 366 F. Supp. 2d 1190, 1197 (N.D. Ga. 2005)).

The defendant's claim of prejudice without more does not warrant the requested relief and the

motion is DENIED.

**5.      Defendant Petroski's Motion for Relief from Judgment (DE# 243, 10/31/11) and
Relief from Judgment or Order (DE# 248, 11/22/11)**

**6.      Defendant Petroski's Motion Seeking Relief from Final Judgment and Order (DE#
252, 1/18/12);**

The defendant Petroski seeks relief  from the judgment based on newly discovered

evidence.  In the second motion, Petroski seeks dismissal of the case and a hearing.  Neither are

warranted.  The plaintiff opposes Petroski's first  motion on the ground that it is frivolous and

fails to provide the new evidence upon which the motion is purportedly based.  The second

motion also lacks any substance regarding the purportedly newly discovered evidence. To obtain

relief under Federal Rule of Civil Procedure 60(b)(2), a party must show:

(1) the evidence must be newly discovered since the trial; (2) the movant must have exercised due diligence in discovering the new evidence; (3) the evidence cannot be merely cumulative or impeaching; (4) the evidence must be material; and (5) the new evidence must be such that it would produce a different outcome in the underlying action.

Kissinger-Campbell v. C. Randall Harrell, 418 Fed. Appx. 797, 804-05 (11th Cir. 2011) (citing Waddell v. Hendry Co. Sheriff's Office, 329 F.3d 1300, 1309 (11th Cir. 2003)).  "A motion for new trial under Rule 60(b)(2) is an extraordinary motion and the requirements of the rule must be strictly met."  Waddell, 329 F.3d at 1309 (quoting Toole v. Baxter Healthcare Corp., 235 F.3d 1307, 1316 (11th Cir. 2000)).  "Finality is a virtue of the law."  Waddell, 329 F.3d at 1309 (footnote omitted).  Petroski's motions fail to satisfy the requirements of Federal Rule of Civil Procedure 60(b)(2).  The motions are DENIED.

**7.     Defendant Steven Lalonde's Request for Production and Service of Defendant Michael Petroski's Second Motion to Dismiss and Request for Sanctions upon Defendant Petroski (DE# 246 - 247, 11/16/11)**

**8.     Defendant Stephen Lalonde's Motion for Docket Filing (DE# 251, 1/18/12)**

The defendant seeks to require the Clerk of Court to provide copies to Lalonde that Petroski failed to serve on him and to obtain an award of sanctions against Petroski for his failure to do so.  Pursuant to prior Orders of this Court, Petroski is required to serve all papers on all parties to this action, including Lalonde.  See, e.g., (DE#  202, 3/30/11).  Lalonde's requests to receive copies of Petroski's filings from the Clerk of the Court (DE# 246, 247 and 251) are GRANTED.  The Clerk of Court is directed to provide copies of DE# 43, 252, and 254 to Defendant Lalonde.  Lalonde's request for sanctions against Petroski (DE# 246, 247, 11/16/11) is DENIED for failure to comply with the memorandum of law requirement of Southern District of Florida Local Rule 7.1(a)(1).

## <u>CONCLUSION</u>

For the reasons set forth above, it is hereby

ORDERED THAT

1. **Trustee Stephen Lalonde Individually and as Guardian for Minor Children of Irrevocable Trust Motion to Stay Execution of Judgment is DENIED and Release of Non Party Assets (DE# 226, 8/3/11) is DENIED for lack of jurisdiction;**

2. **Defendant Stephen Lalonde as Trustee of the Sabaac Family Trust and as Guardian of Minor Beneficiaries of Said Trust Motion to Release All Assets of Non-Party OK Close, Inc. (DE# 249, 11/22/11) is DENIED for lack of jurisdiction;**

3. **Alternative Motion for Rule 54(b) Certification of Appealability and Applicable Authorities in Support Thereof (DE# 233, 9/19/11) is DENIED;**

4. **Defendant Stephen Lalonde's Leave to File Sur Reply to Plaintiff's Response to Defendant Stephen Lalonde's Additional Filing (DE 232) Concerning His Motin [sic] to Stay Execution of Judgment (DE# 239, 9/30/11) is DENIED;**

5. **Defendant Petroski's Motion for Relief from Judgment (DE# 243, 10/31/11) and Relief from Judgment or Order (DE# 248, 11/22/11) are DENIED;**

6. **Defendant Petroski's Motion Seeking Relief from Final Judgment and Order (DE# 252, 1/18/12) is DENIED;**

7. **Defendant Steven Lalonde's Request for Production and Service of Defendant Michael Petroski's Second Motion to Dismiss and Request for Sanctions upon Defendant Petroski (DE# 246, 11/16/11) is GRANTED in part and DENIED in part;**

8. **Defendant Stephen Lalonde's Motion for Docket Filing (DE# 251, 1/18/12) is GRANTED.**

DONE AND ORDERED in Miami, Florida, this 22nd day of February, 2012.

JOHN O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
All Counsel of Record

Copies provided by Chambers to those :

| Amy Lalonde | Stephen Lalonde | Michael Petroski |
|---|---|---|
| 2090 NE 65th Street | #501109985 | 5161 NE 18th Ave |
| Fort Lauderdale, FL 33308 | Broward County Main Jail | Fort Lauderdale, FL 33334 |
| | P.O. Box 9356 | |
| | Ft. Lauderdale, FL 33310 | |