UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 09-61840-CIV-SEITZ/O'SULLIVAN

**FEDERAL TRADE COMMISSION,**

  **Plaintiff,**

vs.

**1st GUARANTY MORTGAGE CORP.,** *et al.***,**

  **Defendants.**
_____/

## ORDER

THIS MATTER is before the Court on the Defendant Stephen Lalonde's Supplemental Motion to Compel Receiver Broad and Cassel to Preserve and Maintain All Hardware and Other Items Seized by Named and Non-Named Defendants Along with All Assets (DE# 250, 12/16/11); and the defendant Michael R. Petroski's Motion to Set Aside Judgment (DE# 254, 2/13/12). Having reviewed the motions and being otherwise duly advised in the premises, it is

ORDERED AND ADJUDGED that the Defendant Stephen Lalonde's Notice of Appeal of All Orders up to and Including Appeal of Final Judgment (DE# 224, 8/1/11) divested this Court of its jurisdiction to rule on the Defendant Stephen Lalonde's Supplemental Motion to Compel Receiver Broad and Cassel to Preserve and Maintain All Hardware and Other Items Seized by Named and Non-Named Defendants Along with All Assets (DE# 250, 12/16/11). See Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982) (explaining that "a federal court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance - it

confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal"). The Court lacks jurisdiction to resolve the motion regarding preservation of assets while the appeal is pending. The motion is STRICKEN without prejudice. It is further

ORDERED AND ADJUDGED that the defendant Michael R. Petroski's Motion to Set Aside Judgment (DE# 254, 2/13/12) is DENIED. The motion fails to satisfy the requirements to have a judgment set aside. This Court previously denied two similar motions seeking relief from judgment. To obtain relief under Federal Rule of Civil Procedure 60(b)(2), a party must show:

> (1) the evidence must be newly discovered since the trial; (2) the movant must have exercised due diligence in discovering the new evidence; (3) the evidence cannot be merely cumulative or impeaching; (4) the evidence must be material; and (5) the new evidence must be such that it would produce a different outcome in the underlying action.

Kissinger-Campbell v. C. Randall Harrell, 418 Fed. Appx. 797, 804-05 (11th Cir. 2011) (citing Waddell v. Hendry Co. Sheriff's Office, 329 F.3d 1300, 1309 (11th Cir. 2003)). "A motion for new trial under Rule 60(b)(2) is an extraordinary motion and the requirements of the rule must be strictly met." Waddell, 329 F.3d at 1309 (quoting Toole v. Baxter Healthcare Corp., 235 F.3d 1307, 1316 (11th Cir. 2000)). "Finality is a virtue of the law." Waddell, 329 F.3d at 1309 (footnote omitted). Petroski's motion fails to satisfy the requirements of Federal Rule of Civil Procedure 60(b)(2). Thus, the defendant Michael R. Petroski's Motion to Set Aside Judgment (DE# 254, 2/13/12) is denied.

DONE AND ORDERED in Miami, Florida, this <u>14th</u> day of May, 2012.

_____
JOHN O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
All Counsel of Record

Copies provided by Chambers to:

| Michael Shafir, Esq.<br>Broad and Cassell<br>One Biscayne Tower, 21st Floor<br>Miami, FL 33131<br>Counsel for Receiver of<br>Corporate Defendants | | |
|---|---|---|
| Amy Lalonde<br>2090 NE 65th Street<br>Fort Lauderdale, FL 33308 | Stephen Lalonde<br>#501109985<br>Broward County Main Jail<br>P.O. Box 9356<br>Ft. Lauderdale, FL 33310 | Michael Petroski<br>5161 NE 18th Ave<br>Fort Lauderdale, FL 33334 |